474 F.3d 1196
 FORD MOTOR COMPANY, Plaintiff-Appellee,
v.
Joe R. TODECHEENE, as the surviving natural parent of Esther Todecheene, deceased; Mary Todecheene, as the surviving natural parent of Esther Todecheene, deceased, Defendants-Appellants, and
Navajo Nation District Court; Leroy S. Bedonie, The Honorable, Defendants.
[474 F.3d 1197]
Ford Motor Company, Plaintiff-Appellee,
v.
Joe R. Todecheene, as the surviving natural parent of Esther Todecheene, deceased; Mary Todecheene, as the surviving natural parent of Esther Todecheene, deceased, Defendants, and
Navajo Nation District Court; Leroy S. Bedonie, The Honorable, Defendants-Appellants.
 No. 02-17048.
 No. 02-17165.
 United States Court of Appeals, Ninth Circuit.
 February 1, 2007.
 
 Vaughn Crawford, Andrew S. Ashworth, Esq., Snell & Wilmer, LLP Phoenix, AZ, for Plaintiff-Appellee.
 Richard A. Derevan, Esq., Snell & Wilmer, Irvine, CA, Edward D. Fitzhugh, Esq., Law Offices of Edward D. Fitzhugh, Tempe, AZ, Luraline D. Tapahe, Navajo Nation Department of Justice, Window Rock, AZ, for Defendants-Appellants.
 Before BARRY G. SILVERMAN, WILLIAM A. FLETCHER, and JOHNNIE B. RAWLINSON, Circuit Judges.
 
 ORDER
 
 1
 Joe and Mary Todecheene's Petition for Rehearing is GRANTED in part.
 
 
 2
 The opinion in this case, Ford Motor Company v. Todecheene, 394 F.3d 1170 (9th Cir.2005) is WITHDRAWN. Because our en banc opinion in Smith v. Kootenai College, 434 F.3d 1127 (9th Cir.2006), did not resolve the jurisdiction issue presented in this case, we cannot say that the tribal courts in this case plainly lack jurisdiction over the dispute among Ford Motor Company, the Todecheenes and the Navajo Nation. See Boozer v. Wilder, 381 F.3d 931, 935 (9th Cir.2004) (requiring exhaustion unless the tribal courts plainly lack jurisdiction). Accordingly, we REMAND this case to the district court with instructions that the district court stay proceedings in this matter pending exhaustion of available proceedings in the tribal courts, including appellate review. See Iowa Mutual Ins. Co. v. LaPlante, 480 U.S. 9, 16, 107 S.Ct. 971, 94 L.Ed.2d 10 (1987). ("[T]he federal policy supporting tribal self-government directs a federal court to stay its hand in order to give the tribal court a full opportunity to determine its own jurisdiction.") (internal quotation marks omitted) (emphasis added).
 
 
 3
 The petitions for rehearing en banc filed by Joe and Mary Todecheene and the Navajo Nation are DENIED as moot.
 
 
 4
 The panel retains jurisdiction over any further appeals in this case.